180204

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT LUMPKINS, JR., (B-36206)

        Plaintiff,

  v.

CHICAGO POLICE OFFICER SERGEANT SHEETZ, STAR #1292; CHICAGO POLICE OFFICER PEREZ, STAR #16163; CHICAGO POLICE OFFICER CORN, STAR # 12710,

        Defendants.

No. 17 cv 08592

Judge Sara Ellis
Magistrate Judge Schenkier

**Demand For Jury Trial**

## SECOND AMENDED COMPLAINT

NOW COMES plaintiff, ROBERT LUMPKINS, JR. (B-36206), by and through his attorneys in this regard, Mark H. Boyle, and DONOHUE BROWN MATHEWSON & SMYTH LLC, and for his First Amended Complaint against the Defendants, states as follows:

## JURISDICTION

1. Jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Section 1331 in that there is a federal question arising under the Constitution of the United States.

## VENUE

2. Venue is proper under the provisions of Title 28, United States Code, Section 139l(b) in that the events giving rise to the claims asserted in this amended complaint occurred within this judicial district.

## THE PARTIES

3. Plaintiff, Robert Lumpkins, Jr. (B-36206) is currently incarcerated in the Lincoln Correctional Center in Lincoln, Illinois.

4. At all relevant times, Defendant Sergeant Sheetz, Star No. 1292, was a police officer acting within the course and scope of his employment, and under the color of Illinois law, based on his position as a law enforcement officer in the Seventh District Police Department, Chicago, Illinois.

5. At all relevant times, Defendant Chicago Police Officer Perez, Star No. 16163, was a police officer acting within the course and scope of his employment, and under the color of Illinois law, based on his position as a law enforcement officer in the Seventh District Police Department, Chicago, Illinois.

6. At all relevant times, Defendant Chicago Police Officer Corn, Star No. 12710, was a police officer acting within the course and scope of his employment, and under the color of Illinois law, based on his position as a law enforcement officer in the Seventh District Police Department, Chicago, Illinois.

**BACKGROUND FACTS**

7. On December 25, 2016, on or about 6:30 p.m., the Defendants took Robert Lumpkins, Jr. into custody for suspected criminal trespassing at 62nd Street and Racine, in Chicago, Illinois.

8. At that time, Plaintiff was bleeding profusely from a cut on his lip and was complaining of chest pains.

9. At that time, Plaintiff believed he was suffering a heart attack, which is a serious medical risk, and advised the Defendants that he was having a heart attack.

10. Despite his obvious facial injury, his complaints of chest pains, and his stated belief he was experiencing a heart attack, the herein named Defendants did not take Plaintiff to the hospital, but instead took Plaintiff to the police station where he was placed in custody.

11. After continuing to complain of chest pains, Plaintiff informed the officers that he had suffered a heart attack in 2007. Instead of transferring Plaintiff to the hospital in light of his complaints of a serious medical risk, the officers continued to hold Plaintiff and subjected him to an interview with the State's Attorney in an interrogation room.

12. Plaintiff continued to complain about his intensifying chest pains and his belief he was having a heart attack, and he requested the Defendants take him to a hospital.

13. Despite the Defendants telling the Plaintiff that they had called for an ambulance and that an ambulance was on the way, the Defendants continued to hold the Plaintiff without a medical evaluation until a shift change after midnight.

14. During this time, Plaintiff's lip continued to bleed profusely and the pain in his chest intensified.

15. After the shift change, Plaintiff was then taken to Saint Bernard Hospital where he was evaluated.

## COUNT I – Eighth Amendment Rights Violation

16. Plaintiff, Robert Lumpkins, Jr., restates and incorporates by reference the allegations of paragraphs one (1) through fifteen (15), above.

17. As defined under the Eighth Amendment, a heart attack is a serious medical risk.

18. Defendants Sergeant Sheetz, Officer Perez, and Officer Corn, knew, or reasonably should have known, that a heart attack was and is a serious medical risk.

19. In light of Plaintiff's complaints and reasonable belief he was having a heart attack, Defendants had a duty to Plaintiff Lumpkins, based upon their positions, to insure that a person in custody is provided with the necessary medical care and evaluation to address a potential serious medical risk.

20. Defendants acted under the color of state law by and through the scope of their employment as officers employed by the Chicago Police Department.

21. Defendants acted with and showed deliberate indifference to Plaintiff Lumpkins' serious medical condition and needs given his reasonable belief he was suffering a heart attack by:

   a. Failing to properly consider Plaintiff Lumpkins' complaints and symptoms and ensure that he was transferred to a hospital for evaluation;

   b. Failing to transfer Plaintiff for prompt evaluation and treatment of his heart attack symptoms and bleeding; and

   c. Failing to ensure that Plaintiff was provided with the appropriate medical evaluation for his heart symptoms.

22. These aforementioned acts were a substantial departure from accepted police procedure, practice and standards.

23. As a result of the aforementioned Defendants' deliberate indifference to Plaintiff Lumpkins' serious medical needs, these Defendants violated Plaintiff Lumpkins' Eighth Amendment Right to be free from cruel and unusual punishment.

24. As a result, Plaintiff Lumpkins suffered, and continues to suffer, injuries of a physical and pecuniary nature, pain and suffering, emotional trauma, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff, ROBERT LUMPKINS, JR. (B-36206) demands judgment against the respective defendants, Sergeant Sheetz, Officer Perez, and Officer Corn, with interest

for actual and consequential damages, including multiple damages, and attorneys' fees, interest, and costs, which are still accruing, in an amount deemed by judge or jury to be just, fair, and appropriate.

                      Respectfully submitted,

                      Plaintiff, ROBERT LUMPKINS, JR. (B-36206)

        By:   s/ Mark H. Boyle
                  One of His Attorneys

DONOHUE BROWN MATHEWSON & SMYTH LLC
Mark H. Boyle (ARDC #06200934)
140 South Dearborn Street, Suite 800
Chicago, IL  60603
(312) 422-0900
Service by Email:     service@dbmslaw.com
boyle@dbmslaw.com

## NOTICE OF FILING AND PROOF OF SERVICE

     I hereby certify that on January 14, 2019, I electronically filed the Second Amended Complaint with the Clerk of the United States District Court, Northern District of Illinois, by using the eFileIL system.

     I further certify that on January 14, 2019, I electronically served the above-mentioned document either through the court electronic filing manager or an approved electronic filing service provider, if available. For all parties for which such service is not available, I served the above-mentioned document by email to the email addresses listed below.

     Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

                      /s/ Sharon Skierkiewicz

## SERVICE LIST

James J. Hess (james.hess@ruberry-law.com)
Francis P. Cuisinier (pat.cuisinier@ruberry-law.com)
William C. Westfall (william.westfall@ruberry-law.com)
Ruberry, Stalmack, & Garvey LLC